**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ogilvie Brands, Inc. DBA Love Wellness, | Case No. 1:23-cv-4932 |
| *Plaintiff*, | **CIVIL COMPLAINT** |
| v. | JURY DEMANDED |
| Love Health, Inc., | |
| *Defendant*. | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Ogilvie Brands, Inc. DBA Love Wellness ("Love Wellness" or "Plaintiff") by and through undersigned counsel, hereby brings the following Complaint against Love Health, Inc. ("Love Health" or "Defendant") seeking damages, injunctive and other relief for trademark infringement, unfair competition, and related claims states as follows.

**INTRODUCTION AND NATURE OF THE COMPLAINT**

1.    This is a civil action for damages and injunctive relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and under New York law. Love Wellness is an innovative, education-first company focusing on women's personal care, health and wellness. Love Wellness was founded in 2016 by television personality Lauren "Lo" Bosworth after she personally experienced a host of physical ailments and struggled to find care. Bosworth realized there was no brand in the marketplace offering female-focused health products. Investing virtually all of her savings in founding Love Wellness, the LOVE WELLNESS brand has expanded over the past seven years into a highly successful venture.

1

2.      Love Wellness has used trademarks incorporating the term "LOVE" – primarily the mark LOVE WELLNESS – in connection with personal care products, vitamin supplements, dietary supplements, and nutritional supplements, among other goods, and in connection with online retail store services featuring such goods since as early as January 2016. In addition to its common law rights, Love Wellness owns federal registrations for its "LOVE"-formative marks, including the mark LOVE WELLNESS, as shown in Exhibit A ("Love Wellness Marks").

3.      Recently, Defendant Love Health announced that it has adopted nearly identical and infringing LOVE, LOVE HEALTH, and LOVE.COM marks ("Infringing Marks") in connection with Defendant's health and wellness goods and services—including identical online retail store services for supplements and personal care products. Although Love Wellness first attempted to resolve this dispute amicably through issuance of a cease and desist letter, Defendant has deliberately and willfully continued to use the Infringing Marks, despite having constructive and actual notice of Love Wellness' rights in the Love Wellness Marks. Love Wellness has filed this action to stop Defendant from offering infringing goods and services under the Infringing Marks in violation of federal and state law. Unless enjoined by this Court, Defendant will continue to infringe Love Wellness' trademark rights. As a result of Defendant's willful, wrongful, and unlawful conduct, Love Wellness seeks an injunction, damages, and other monetary relief against Defendant, including, but not limited to, treble damages, attorneys' fees, costs, and pre- and post-judgment interest.

**PARTIES**

4.      Love Wellness is a corporation organized under the laws of the state of Delaware, with a principal place of business at 166 Crosby Street, Suite 201, New York, New York 10012.

5.    Love Health is a corporation organized under the laws of the state of Delaware, with a principal place of business at 1111 Brickell Avenue, 10th Floor, Miami, Florida 33131.

## JURISDICTION AND VENUE

6.    Love Wellness asserts causes of action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and for related state law claims.

7.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338. This Court has supplemental jurisdiction over Love Wellness' state law claims pursuant to 28 U.S.C. § 1367.

8.    This Court has personal jurisdiction over Defendant because, upon information and belief: (1) Defendant does substantial business and has substantial and continuous contacts with New York through, *inter alia*, securing venture capital funding from at least one firm with offices in New York, NY, engaging attorneys resident and qualified in New York, NY, and listing on its "expert board of advisors" at least two individuals believed to be resident in New York, NY; and/or (2) Defendant regularly solicits business from, does business with, and/or derives revenue from consumers located in this judicial district; and (3) Defendant has infringed Love Wellness' trademark rights in the Love Wellness Marks by selling, offering to sell, distributing, and/or advertising its goods and services under the Infringing Marks in this judicial district.  For at least these reasons, therefore, Defendant should reasonably expect that its activities might have consequences in this judicial district.

9.    Venue is proper under 28 U.S.C. §§ 1391(b) and (c) because Defendant is subject to personal jurisdiction and has committed acts of trademark infringement in this district. Upon information and belief, Defendant is offering and selling infringing goods and services in New

York, including in this judicial district, which gives rise to proper venue as a substantial part of Defendant's infringing acts have occurred in this district.

## FACTS

10.    Love Wellness designs, develops, distributes, markets and sells personal care and health and wellness products throughout the United States. Love Wellness' products are known for being scientifically developed, natural wellness products, that are free from fragrance and toxic ingredients. *See* https://lovewellness.com/, true and correct excerpts of Love Wellness' website are attached hereto as Exhibit B.

11.    Love Wellness offers and sells its popular products under the Love Wellness Marks throughout the United States and in the State of New York at its online retail store on its website, as shown in Exhibit B. Additionally, Love Wellness' products are available for purchase in thousands of stores across the United States at major retailers Target and Ulta Beauty, and online through Amazon, Revolve, Target, Ulta Beauty, and Walmart. True and correct excerpts of the aforementioned retail store websites featuring Love Wellness' products are attached hereto as Exhibit C.

12.    Since at least as early as January 11, 2016, Love Wellness has continuously marketed and sold supplements and personal care products, and offered online retail store services for those products, under the mark LOVE WELLNESS throughout the United States and in the State of New York.

13.    In addition to its common law rights in the LOVE WELLNESS mark, Love Wellness owns all rights, title, and interest in and to United States Registration No. 5787980 covering, "body wash; feminine deodorant suppositories; non-medicated feminine hygiene wash; wipes impregnated with a skin cleanser; personal care products, namely, non-medicated skin care

preparations; pre-moistened disposable wipes with a cleansing preparation for personal hygiene; body cleansing wipes, namely, wipes impregnated with a skin cleanser" in International Class 3; "probiotic supplements; sanitizing wipes; vaginal moisturizers; vitamin supplements; dietary supplements; nutritional supplements" in International Class 5; and "online retail store services featuring personal care products, vitamin supplements, dietary supplements and nutritional supplements" in International Class 35 ("'980 Registration"). A true and correct copy of the '980 Registration at the United States Patent and Trademark Office ("USPTO") is attached hereto in Exhibit A.

14.     The '980 Registration serves as nationwide constructive notice of Love Wellness' rights in the mark LOVE WELLNESS.

15.     Additionally, Love Wellness owns several trademarks registered with the USPTO for trademarks incorporating the term "LOVE" in connection with supplements and personal care products and online retail store services, including, but not limited to, the following:

- Reg. No. 6031056 for LOVE WELLNESS covering personal lubricants in Class 5;

- Reg. No. 6092232 for I LOVE WELLNESS covering podcasts and digital media in the field of personal health and wellness in Class 41;

- Reg. No. 6323828 for LOVE WELLNESS (Stylized) covering on-line retail store services featuring vitamin supplements, dietary supplements, nutritional supplements and personal health and wellness preparations in Class 35;

- Reg. No. 6349074 for LOVE YOURSELF WELL covering on-line retail store services featuring vitamin supplements, dietary supplements, nutritional supplements and personal health and wellness preparations in Class 35; and

- Reg. No. 6642736 for LOVE YOURSELF WELL covering vitamin supplements, dietary supplements, and nutritional supplements in Class 5; and

- Reg. No. 6323829 for LOVE WELLNESS (Stylized) covering on-line retail store services featuring personal care products, intimate personal care products, skin care products, vitamin supplements, dietary supplements and nutritional supplements in Classes 3 and 5;

- Reg. No. 6031057 for LOVE WELLNESS (Stylized) covering personal lubricants in Class 5;

- Reg. No. 6701909 for THE LOVE CLUB covering services in the nature of creating an online community for registered users to access information and content related to product reviews, product subscriptions, product specials, product rewards and membership services in Class 42;

- Reg. No. 6317239 for WHOLE LOVE covering vitamins in Class 5;

- Reg. No. 6310485 METABO LOVE covering vitamin supplements, dietary supplements, and nutritional supplements in Class 5;

- Reg. No. 6310318 for DAILY LOVE covering vitamin supplements, nutritional supplements, and dietary supplements in Class 5;

- Reg. No. 5787981 for LOVE WELLNESS covering body wash, feminine deodorant suppositories, non-medicated feminine hygiene wash, wipes impregnated with a skin cleanser, personal care products, namely, non-medicated skin care preparations, pre-moistening disposable wipes with a cleansing preparation for personal hygiene, body cleansing wipes, namely, wipes impregnated with a skin cleanser in Classes 3, 5, and 35; and

- Reg. No. 5684097 for LOVE WELLNESS THE KILLER covering suppositories and capsules to address feminine infections, suppositories and capsules for vaginal health, dietary supplements, and nutritional supplements in Class 5.

True and correct copies of Love Wellness' registrations for the Love Wellness Marks at the USPTO are attached hereto in Exhibit A.

16.    The registrations for the Love Wellness Marks serve as nationwide constructive notice of Love Wellness' rights in the Love Wellness Marks, importantly, all including the term "LOVE" and used in connection with health and wellness goods and services.

17.    Love Wellness' registrations for the Love Wellness Marks are valid, subsisting, and in full force and effect.

18.    As shown in Exhibit B, Love Wellness' product packaging and website featuring online retail store services prominently display the trademark "™" or "®" symbol, as appropriate, with the Love Wellness Marks, which immediately conveys to third parties, including Love Health, that Love Wellness claims trademark rights in the Love Wellness Marks.

19.    As a result of its longstanding and extensive use and enforcement of its rights in the Love Wellness Marks, these marks have become well-known for use in connection with Love Wellness' personal care products, health and wellness products, and online retail store services. As a result of its high-quality products, extensive promotion, and national sales, including through its online retail store services, Love Wellness has developed significant consumer recognition and valuable goodwill in the Love Wellness Marks.

20.    Love Wellness has spent considerable time and expense building its brand and developing goodwill in the Love Wellness Marks. The Love Wellness Marks are extremely

valuable assets of Love Wellness, particularly because the mark LOVE WELLNESS is used in connection with all of Love Wellness' goods and services as its brand name and house mark.

21.     As a result, Love Wellness has engaged in significant advertising and promotion of its goods and services under the Love Wellness Marks.

22.     Since May 2016, Love Wellness has advertised its goods and services under the mark LOVE WELLNESS through various channels, including on social media through Love Wellness' Instagram (over 270 thousand followers), Facebook (over 150 thousand followers), and TikTok (over 70 thousand followers) accounts. True and correct excerpts of Love Wellness' social media accounts are attached hereto as Exhibit D.

23.     As seen in Exhibit E, Love Wellness has garnered extensive press recognition, with ample media coverage as recent as May 2023, and has been featured on Cosmetic Executive Women, Business Insider, Elle, Forbes, Good Morning America, WWD, Women's Health, The Cut, and many others. Love Wellness is a sought-after brand and continues to grow in popularity among consumers.

24.     Because of Love Wellness' longstanding use and promotion of the Love Wellness Marks, the relevant consumers recognize and associate the Love Wellness Marks as identifying Love Wellness' goods and services and distinguishing those goods and services from others.

**DEFENDANT'S USE OF THE INFRINGING MARKS**

25.     Defendant offers health and wellness goods and services, including online retail store services for supplements and personal care products that are identical to the services offered by Love Wellness, and is a direct competitor of Love Wellness.

26.     In this case, Defendant has had constructive and actual notice of Love Wellness' rights in the Love Wellness Marks, and nevertheless chose to begin offering goods and services

under confusingly similar (and nearly-identical) LOVE, LOVE HEALTH, and LOVE.COM marks, namely identical online retail store services for supplements and personal care products, as well as wellness accessories and related branded promotional goods under the Infringing Marks.

27.    Upon information and belief, Defendant adopted the mark LOVE as early as March 4, 2022 – though not publicly in connection with any actual or intended online retail store services. The mark LOVE appeared prominently on Defendant's website at https://www.love.com/ with the text "Coming soon—A new state of health. Welcome to *People-Powered Pharma*", as captured by the Wayback Machine and shown in Exhibit F.

28.    Upon information and belief, Defendant only recently commenced marketing, offering, and selling health and wellness goods and online retail store services under the Infringing Marks, since on or around April 25, 2023, infringing upon the Love Wellness Marks, including the '980 Registration for the mark LOVE WELLNESS, and Love Wellness' valuable intellectual property.

29.    On or about May 1, 2023, Defendant publicly announced launch of its health and wellness goods and online retail store services under the Infringing Marks, announcing that it was pivoting from a once-planned "people-run pharmaceutical company" that would enable consumers to purchase "love tokens" to fund clinical trials for homeopathic and alternative medicine to its current "wellness marketplace" services – services that directly compete with Love Wellness.

30.    The Infringing Marks appear on Defendant's website in connection with online retail store services and the sale of personal care and health and wellness products, including probiotic, vitamin, dietary, and nutritional supplement goods, body and skincare products, wellness accessories, and related branded goods. True and correct excerpts of Defendant's website are attached hereto as Exhibit F.

31.    Since January 25, 2022, Defendant has filed applications for thirty-five (35) "LOVE"-formative trademarks, including LOVE, LOVE HEALTH, and LOVE.COM in connection with online retail store services for health and wellness products. Relevantly, of these, twenty-four (24) applications are active with the USPTO, including, but not limited to, the following:

- App. No. 97269075 for LOVE (Stylized) covering a web based marketplace and community to allow the community to purchase vetted health and wellness products, including supplements, nutraceuticals, applications, and diagnostics in Class 35;

- App. No. 97237490 for LOVE covering hosting a marketplace for health and wellness products, including supplements in Class 35;

- App. No. 97237510 for LOVE.COM covering hosting a marketplace for health and wellness products, including supplements in Class 35;

- App. No. 97237521 for LOVE HEALTH covering hosting a marketplace for health and wellness products, including supplements in Class 35;

- App. No. 97913619 for LOVE.COM covering non-fiction books in Class 16 and online retail store services in Class 35;

- App. No. 97913632 for LOVE HEALTH covering non-fiction books in Class 16 and online retail store services in Class 35;

- App. No. 97913696 for LOVE (Stylized) covering non-fiction books in Class 16 and online retail store services in Class 35; and

- App. No. 97913700 for LOVE.COM (Stylized) covering non-fiction books in Class 16 and online retail store services in Class 35.

10

True and correct copies of the status pages for these applications at the USPTO's Trademark Status & Document Retrieval database are attached hereto as Exhibit G.

32.     The Infringing Marks consist of the identical term "LOVE", as found in the Love Wellness Marks.

33.     The Infringing Marks are nearly identical and confusingly similar to the Love Wellness Marks in appearance, sound, meaning, and overall commercial impression.

34.      For the mark LOVE, Defendant has adopted a confusingly similar visual brand identity to that of Love Wellness. In primary branding, Defendant incorporates a confusingly similar red color to Love Wellness' stylized mark LOVE WELLNESS as shown below:





|                  |                  |
| :--------------: | :--------------: |
| *Love Health*    | *Love Wellness*  |

35.     Moreover, because Love Wellness positions the dominant term "LOVE" more prominently than the less distinctive term "WELLNESS" in stylized versions of the Love Wellness Marks, consumers are likely to perceive the parties' respective marks as the identical distinctive term "LOVE."

36.     Defendant markets itself to consumers as offering an online retail marketplace specifically for "wellness" products. As shown in Exhibit F, Defendant closely associates the mark LOVE with the word "wellness" in describing its services. For example, "Love sets a new standard for *wellness*"; "[w]e're leveling up *wellness*"; and "a one-of-a-kind health marketplace to elevate *wellness* offerings" (emphasis added).

37.     Defendant's close association of the Infringing Marks with the word "wellness" in advertising, marketing, and informational materials is likely to cause consumers to similarly associate and perceive the Infringing Marks with a "wellness" marketplace and the word "wellness" generally, thereby increasing the likelihood that consumers will confuse the Infringing Marks with the Love Wellness Marks.

38.     In its online marketplace under the Infringing Marks, Defendant offers goods of a kind that are identical to the personal care and health and wellness products offered by Love Wellness under the Love Wellness Marks.

39.     The side-by-side comparison of the parties' respective goods and online retail store services shown below, and attached hereto in Exhibit H, illustrates the confusing similarity of the goods and services across several categories, including probiotic, vitamin, dietary, and nutritional supplements; body and skincare products; wellness accessories; and non-fiction books:

 

*Brand Book*

 

*Probiotics*



*Sleep*

*Vitamins*

*Body and Skincare*

*Hormonal and Women's Products*

**Love Health**                                        **Love Wellness**

40.    Defendant markets and offers its personal care and health and wellness products and online retail store services under the Infringing Marks in the same channels of trade to the same class of consumers as Love Wellness, that is, individuals seeking health and wellness goods and services.

13

41.    Defendant's use of the Infringing Marks is likely to cause confusion, mistake, or deception as to the source or origin, sponsorship, or approval of the parties' respective goods and services. This confusion is likely to damage Love Wellness' goodwill and business reputation as the senior user of the Love Wellness Marks.

42.    Moreover, Defendant is trading off of Love Wellness' Love Wellness Marks to market supplements and personal care products, but may not meet Love Wellness' exacting health, safety and efficacy standards.

43.    Upon information and belief, Defendant began using the Infringing Marks in commerce on or around April 25, 2023—more than seven years after Love Wellness began using its Love Wellness Marks, specifically the '980 Registration for the mark LOVE WELLNESS, in commerce, namely for identical online retail store services.

44.    Love Wellness has never authorized Defendant to use the Infringing Marks and Defendant has adopted the Infringing Marks without Love Wellness's consent.

45.    On May 23, 2023, Love Wellness, through its counsel, sent Defendant a demand letter regarding the Love Wellness Marks, alerting Defendant of Love Wellness' rights in its Love Wellness Marks, and requesting Defendant immediately cease and desist any and all use of the Infringing Marks.

46.    Through counsel, Defendant requested additional time to respond to the demand letter. Love Wellness responded, stating that as a professional courtesy, Love Wellness would provide the other side with an extension of time until June 9, 2023 to respond, but given the urgent and serious nature of the infringement, the likelihood of consumer confusion, and imminent harm to the Love Wellness brand, Love Wellness could not entertain further extensions.

47.     On June 9, 2023, Defendant's counsel informed counsel for Love Wellness that he "had a few deadlines this week" but would try to respond by the following week. Defendant has not complied with Love Wellness' demands. Accordingly, Defendant has actual knowledge of Love Wellness' rights in the Love Wellness Marks and has nonetheless proceeded to continue to willfully infringe the Love Wellness Marks.

**COUNT ONE**
**Trademark Infringement – 15 U.S.C. § 1114(1)**

48.     Love Wellness repeats and incorporates the allegations in the foregoing paragraphs of this Complaint.

49.     Love Wellness owns valid and legally protectable trademark rights in the Love Wellness Marks for personal care products, vitamin supplements, dietary supplements, and nutritional supplements, and retail store services featuring personal care products, vitamin supplements, dietary supplements, and nutritional supplements, among other goods and services, based on both common law rights gained through commercial use and federal registration of the Love Wellness Marks.

50.     Love Wellness' use of its Love Wellness Marks, specifically the '980 Registration for the mark LOVE WELLNESS, preceded Defendant's first use of the Infringing Marks by more than seven years.

51.     Love Wellness obtained federal trademark registration for twelve (12) of its thirteen (13) Love Wellness Marks prior to the Defendant's earliest application filing date of its first "LOVE"-formative trademark application on January 25, 2022. Accordingly, Defendant has had constructive knowledge of Love Wellness' rights in the Love Wellness Marks prior to filing any application for the Infringing Marks at the USPTO.

52.     By Defendant's unauthorized use of the Infringing Marks, Defendant intentionally, knowingly, and willfully used, and continues to use, in commerce the Infringing Marks in connection with the offering, selling, and marketing of personal care and health and wellness products and online retail store services for such goods—services identical to Love Wellness' services—in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, sponsorship, connection or association with Love Wellness and that is false and misleading.

53.     Defendant's use of the Infringing Marks constitutes trademark use, which has created, and will continue to create, a likelihood of confusion among consumers who will falsely believe that Defendant is associated with Love Wellness, or that Love Wellness has sponsored or otherwise approved of Defendant's use of the Infringing Marks for Defendant's goods and services and commercial activities, when Love Wellness has not.

54.     Defendant's continued and knowing use of the Infringing Marks without Love Wellness' consent or authorization constitutes false or misleading advertising, and intentional infringement of Love Wellness' federally registered trademarks, all in violation of Section 32 of the Lanham Act, 15 U.S.C §1114(1).

55.     As a direct and proximate result of Defendant's infringement, Love Wellness has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

56.     In addition to monetary damages, Love Wellness is entitled to injunctive relief preventing Defendant's continued infringement of Love Wellness' rights in the Love Wellness Marks because Love Wellness has no adequate remedy at law for the above immediate and

continuing harm. Such use of the Infringing Marks by Defendant has caused, and will continue to cause, damage to Love Wellness until such time as it is permanently enjoined by this Court.

57.    Defendant's intentional, deliberate and willful use of the Infringing Marks with knowledge of Love Wellness' rights in the Love Wellness Marks, renders this case exceptional, entitling Love Wellness to an award of reasonable attorneys' fees under 15 U.S.C. § 1117.

**<u>COUNT TWO</u>**
**Unfair Competition and False Designation of Origin – Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)**

58.    Love Wellness repeats and incorporates the allegations of the foregoing paragraphs of this Complaint.

59.    Defendant's use of the Infringing Marks in the manner alleged herein constitutes false designation of origin within the meaning of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a), which is likely to cause confusion, mistake, or deception as to the affiliation, connection, source, origin, authorization, sponsorship, or approval of Defendant's commercial activities with respect to the Infringing Marks.

60.    The purchasing public is likely to attribute Defendant's use of the Infringing Marks to Love Wellness as a source of origin, authorization, or sponsorship for the goods and services Defendant sells and offers and, further, purchase goods and services from Defendant with the erroneous belief that Defendant is authorized by, associated with, sponsored by, or affiliated with Love Wellness, when Defendant is not.

61.    Defendant's use of the Infringing Marks constitutes intentional conduct by Defendant to make false designations of origin and false or misleading descriptions or representations of fact about Defendant's goods and services and commercial activities in violation of 15 U.S.C. § 1125(a).

62.     Defendant's actions have created a likelihood of confusion among consumers who will mistakenly believe that the goods and services Defendant offers in connection with the Infringing Marks are produced by, or affiliated or associated with Love Wellness, when in fact, they are not.

63.     Upon information and belief, Defendant has acted knowingly, deliberately, and willfully with the intent to cause confusion and mistake, to deceive and mislead, to trade on Love Wellness' renowned reputation, and to improperly appropriate to itself the valuable trademark rights of Love Wellness.

64.     Defendant's unlawful conduct has deceived, and is likely to continue to deceive, a material segment of consumers to whom Defendant has directed its marketing activities for its goods and services. Defendant's actions are material in that they are likely to influence consumers to purchase goods and services from Defendant and cause competitive and other commercial injuries to Love Wellness.

65.     Because Defendant has had both constructive and actual notice of Love Wellness' rights in the Love Wellness Marks, and nonetheless has continued using the Infringing Marks, Defendant's conduct is willful, wanton, and egregious.

66.     As a direct and proximate result of Defendant's infringement, Love Wellness has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

67.     In addition to monetary damages, Love Wellness is entitled to injunctive relief preventing Defendant's continued infringement of Love Wellness' rights in the Love Wellness Marks. Such use of the Infringing Marks by Defendant has caused, and will continue to cause, damage to Love Wellness until such time as permanently enjoined by this Court.

## COUNT THREE
**Trademark Infringement and Unfair Competition - New York Common Law**

68.     Love Wellness repeats and incorporates the allegations of the foregoing paragraphs of this Complaint.

69.     Defendant is a direct competitor of Love Wellness for health and wellness goods and services, including identical online retail store services for supplements and personal care products.

70.     Love Wellness has not consented to Defendant's use of the Infringing Marks.

71.     By using nearly identical marks to the Love Wellness Marks in a prominent manner for its own goods and services, including services identical to those of Love Wellness, Defendant has engaged in deceptive or fraudulent conduct.

72.     Defendant's deceptive and misleading use of nearly identical marks to the Love Wellness Marks to promote, market, sell, and offer Defendant's own goods and services is likely to cause consumer confusion as to the source, sponsorship, or affiliation of Defendant's goods and services.

73.     Defendant has traded unfairly on Love Wellness' goodwill and reputation, continues to do so, and will continue to do so.

74.     Defendant's conduct alleged herein constitutes common law trademark infringement and unfair competition in violation of the common law of the State of New York.

75.     Defendant's deceptive and misleading use of the Infringing Marks has caused, and will continue to cause, severe, irreparable harm to Love Wellness, including loss of goodwill, loss or diminution of competitive position in the marketplace or the ability to compete in the market, loss of ability to provide unique products and services, loss of reputation, loss of current and future customer relations, and loss of profits for which there is no adequate remedy at law or ability to

collect damages. As such, and pursuant to the law of equity, Love Wellness is entitled to injunctive relief to prevent further tortious acts by Defendant.

76.    Defendant's deceptive and misleading use of the Infringing Marks has caused monetary damages to Love Wellness in an amount to be proven at trial.

**COUNT FOUR**
**Deceptive Acts and Practices - N.Y. Gen. Bus. Law § 349**

77.    Love Wellness repeats and incorporates the allegations of the foregoing paragraphs of this Complaint.

78.    Love Wellness is informed and believes, and thereupon alleges, that Defendant's use of the Infringing Marks is consumer-directed to cause confusion or to cause mistake or to deceive consumers as to the affiliation, connection, or association of Defendant's goods and services with Love Wellness' goods and services.

79.    Love Wellness is informed and believes, and thereupon alleges, that Defendant's use of the Infringing Marks is materially misleading to consumers.

80.    Love Wellness is informed and believes, and thereupon alleges, that Defendant acted willfully and knowingly, with the intent to trade upon the goodwill and reputation of Love Wellness and its Love Wellness Marks, and with the intent to cause confusion, mistake, or to deceive.

81.    Moreover, because Defendant is trading off of Love Wellness' Love Wellness Marks to market supplements and personal care products, which may not meet Love Wellness' exacting health, safety and efficacy standards, consumers may be misled into purchasing products and services, including nutritional supplements and other products intended to be ingested, that are of a lesser quality.

82.    Defendant's aforesaid acts of deception have injured and caused damage to Love Wellness in an amount to be determined at trial. Further, by these acts, Defendant has irreparably injured, and will continue to injure, Love Wellness, unless enjoined by this Court.

83.    Love Wellness is therefore entitled to all of the remedies available under New York General Business Law § 349(h), including actual damages, treble damages, and attorneys' fees.

## COUNT FIVE
### Injury to Business Reputation – N.Y. Gen. Bus. Law § 360-l

84.    Love Wellness repeats and incorporates the allegations of the foregoing paragraphs of this Complaint.

85.    Love Wellness' Love Wellness marks, including the mark LOVE WELLNESS, are strong because they are inherently distinctive.

86.    Love Wellness' Love Wellness marks, including the mark LOVE WELLNESS, have become well-known in the State of New York and throughout the United States as a result of Love Wellness' extensive and continuous and uninterrupted use in commerce, advertising, and social media, which have earned Love Wellness tremendous goodwill and an outstanding reputation.

87.    Defendant's unauthorized use of the Infringing Marks, despite Love Wellness' continued use and senior rights in the Love Wellness Marks, has injured, and will continue to injure, Love Wellness' business reputation, and has diluted or is likely to dilute, and will continue to dilute unless restrained, the distinctive quality of Love Wellness' strong Love Wellness Marks by diminishing the exclusive association between the Love Wellness Marks and Love Wellness' goods and services, or otherwise lessen the capacity of the Love Wellness Marks to exclusively identify Love Wellness and its goods and services.

88.     Love Wellness is informed and believes, and thereupon alleges, that Defendant's use of the Infringing Marks is willful and with knowledge of Love Wellness' rights and goodwill in the Love Wellness Marks.

89.     Love Wellness has suffered irreparable harm, and continues to suffer irreparable harm, as a result of Defendant's conduct and will continue to suffer irreparable harm unless Defendant is enjoined from engaging in any further acts in violation of New York General Business Law § 360-l.

### COUNT SIX
### Use of a Name With Intent to Deceive – N.Y. Gen. Bus. Law § 133

90.     Love Wellness repeats and incorporates the allegations of the foregoing paragraphs of this Complaint.

91.     By using the name and marks LOVE, LOVE HEALTH, and LOVE.COM to market and offer goods and services, Defendant has created, and will continue to create, a false designation of origin, which confuses potential consumers into believing that Defendant's goods and services are associated with, sponsored, or approved by Love Wellness, when they are not.

92.     Love Wellness is informed and believes, and thereupon alleges, that Defendant acted willfully, in bad faith, with an intent to deceive the public.

93.     Defendant's acts have injured and violated the rights of Love Wellness in an amount to be determined at trial. Further, by its acts, Defendant has irreparably injured Love Wellness, and will continue to injure Love Wellness, unless enjoined by this Court.

94.     Love Wellness is therefore entitled to all of the remedies available under New York General Business Law § 133.

## DEMAND FOR RELIEF

**WHEREFORE**, Love Wellness demands that a judgment be entered against Defendant granting the following relief:

1.      That the Court issue an order holding that Defendant is infringing the Love Wellness Marks in violation of the Lanham Act and New York common law, and is engaged in false advertising and unfair competition in violation of the Lanham Act and New York common law, and otherwise has been unjustly enriched to Love Wellness' detriment.

2.      Entry of a preliminary and permanent injunction enjoining and restraining Defendant, Defendant's officers, agents, servants, employees, and all persons acting in concert or participation with Defendant, from:

   a.  using the Infringing Marks or confusingly similar variations thereof or any other marks that infringe the Love Wellness Marks, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags);
   b.  engaging in any false or misleading marketing or promotion that misrepresents the relationship between Love Wellness and Defendant; and
   c.  engaging in any acts of unfair competition against Love Wellness.

3.      That Love Wellness be awarded all of its damages and Defendant's profits attributable to Defendant's infringement of the Love Wellness Marks under 15 U.S.C. §§ 1114(1) and 1125(a), in an amount to be proven at trial.

4.      That Love Wellness be awarded treble damages, as permitted by 15 U.S.C. § 1117, New York common law, and other applicable law.

5.      That Defendant be adjudged to have engaged in deceptive acts and practices in violation of New York General Business Law § 349.

6.      That Defendant be adjudged to have injured Love Wellness' business reputation in violation of New York General Business Law § 360-l.

7.      That Love Wellness be awarded its reasonable attorneys' fees and costs of suit, including any expert witness fees, under the Lanham Act and any other applicable law.

8.      That an accounting be undertaken to determine the amount of a constructive trust to be established for the benefit of Love Wellness, reflecting the value of Defendant's unjust enrichment gained through its acts complained of herein.

9.      That Love Wellness be awarded pre- and post-judgment interest on any monetary award at the highest allowable legal rates.

10.     That the Court grant Love Wellness such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Love Wellness hereby demands a jury trial on all issues triable by jury.

Dated:  June 12, 2023                    Respectfully submitted,

_____
Lauren B. Emerson (LE2649)
Cameron S. Reuber (CR7001)
Emily Rice (*pro hac vice forthcoming*)
LEASON ELLIS LLP
One Barker Avenue
White Plains, NY 10601
T.914.821.9077
F.914.288.0023
emerson@leasonellis.com
reuber@leasonellis.com
rice@leasonellis.com
lelitdocketing@leasonellis.com

24

Airina L. Rodrigues (AR 6551)
Mitch Langberg (*pro hac vice forthcoming*)
BROWNSTEIN HYATT FARBER SCHRECK,
LLP
675 15th Street, Suite 2900
Denver, CO 80202
T. 303.223.1100
F. 303.223.1111
arodrigues@bhfs.com
mlangberg@bhfs.com

*Attorneys for Plaintiff Ogilvie Brands, Inc. DBA Love Wellness*