IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ogilvie Brands, Inc. DBA Love Wellness,<br><br>    *Plaintiff*,<br><br>v.<br><br>Love Health, Inc.,<br><br>    *Defendant*. | Case No.  1:23-cv-04932-JHR<br><br>**[PROPOSED] ORDER** |

**[PROPOSED] ORDER GRANTING
<u>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

The Court, having considered the facts set forth in the Complaint, the Memorandum of Law in Support of Plaintiff Ogilvie Brands, Inc. DBA Love Wellness' ("Plaintiff") Motion for Preliminary injunction, the accompanying Declaration of Airina L. Rodrigues, and exhibits attached thereto, the accompanying Declaration of Lauren Bosworth, and exhibits attached thereto, the Reply Memorandum of Law in Further Support of Plaintiff's Motion for Preliminary injunction, the accompany Reply Declaration of Airina L. Rodrigues, and exhibits attached thereto, the accompanying Reply Declaration of Lauren Bosworth, and exhibits attached thereto, and other evidence submitted therewith; and

This matter having come before the Court on the motion for a preliminary injunction pursuant to the Lanham Act, 15 U.S.C. §§ 1114(1), 1116, and 1125(a), N.Y. Gen. Bus. Law §§ 349, 133, 360-l, Federal Rule of Civil Procedure 65, and this Court's inherent equitable authority; and

The Court having found from the specific facts set forth in the above-mentioned materials sufficient proof that:

1. Plaintiff designs, develops, distributes, markets and sells personal care and health and wellness products throughout the United States.

2. Plaintiff has obtained more than a dozen registered trademarks protected by the U.S. Lanham Act, 15 U.S.C. § 1125, including, but not limited to, the following:

- Reg. No. 6031056 for LOVE WELLNESS for personal lubricants in Class 5;

- Reg. No. 6092232 for I LOVE WELLNESS for podcasts and digital media in the field of personal health and wellness in Class 41;

- Reg. No. 6323828 for LOVE WELLNESS (Stylized) for on-line retail store services featuring vitamin supplements, dietary supplements, nutritional supplements and personal health and wellness preparations in Class 35;

- Reg. No. 6349074 for LOVE YOURSELF WELL for on-line retail store services featuring vitamin supplements, dietary supplements, nutritional supplements and personal health and wellness preparations in Class 35; and

- Reg. No. 6642736 for LOVE YOURSELF WELL for vitamin supplements, dietary supplements, and nutritional supplements in Class 5; and

- Reg. No. 6323829 for LOVE WELLNESS (Stylized) for on-line retail store services featuring personal care products, intimate personal care products, skin care products, vitamin supplements, dietary supplements and nutritional supplements in Classes 3 and 5;

- Reg. No. 6031057 for LOVE WELLNESS (Stylized) for personal lubricants in Class 5;

- Reg. No. 6701909 for THE LOVE CLUB for services in the nature of creating an online community for registered users to access information and content related to product reviews, product subscriptions, product specials, product rewards and membership services in Class 42;

- Reg. No. 6317239 for WHOLE LOVE for vitamins in Class 5;

- Reg. No. 6310485 METABO LOVE for vitamin supplements, dietary supplements, and nutritional supplements in Class 5;

- Reg. No. 6310318 for DAILY LOVE for vitamin supplements, nutritional supplements, and dietary supplements in Class 5;

- Reg. No. 5787981 for LOVE WELLNESS for body wash, feminine deodorant suppositories, non-medicated feminine hygiene wash, wipes impregnated with

a skin cleanser, personal care products, namely, non-medicated skin care preparations, pre-moistening disposable wipes with a cleansing preparation for personal hygiene, body cleansing wipes, namely, wipes impregnated with a skin cleanser in Classes 3, 5, and 35;

- Reg. No. 5684097 for LOVE WELLNESS THE KILLER for suppositories and capsules to address feminine infections, suppositories and capsules for vaginal health, dietary supplements, and nutritional supplements in Class 5.

3. Defendant Love Health, Inc. ("Love Health") is a direct competitor of Plaintiff.

4. Without Plaintiff's authorization, Defendant is using confusingly similar terms to Plaintiff's Marks, including LOVE, LOVE HEALTH, and LOVE.COM in connection with online retail store services for health and wellness products.

5. In addition, Defendant has launched products for sale within the relevant industry to weaken Plaintiff's Marks and perpetuating confusion in the marketplace.

6. The evidence submitted with Plaintiff's Motion demonstrates that Plaintiff's Marks are inherently distinctive and have also acquired significant strength and consumer goodwill over the past seven years in the health and wellness industry given Plaintiff's exposure and investment in marketing Plaintiff's goods with its Marks.

7. Defendant has perpetuated confusion in the marketplace by adopting competitive services identical or confusingly similar "LOVE"-formative branding. The Infringing Marks are confusingly similar to LOVE WELLNESS, I LOVE WELLNESS, and LOVE YOURSELF WELL, among others of Plaintiff's Marks. Specifically, the Infringing Marks consist of the dominant word "Love," which is identical to the dominant word "Love" in Love Wellness' Marks. Defendant also operates under the trademark and/or trade name "Love Health", which has a meaning identical to "Love Wellness."

8. Defendant has perpetuated confusion in the marketplace by offering identical goods and services – wellness-related products through online retail channels. Love Wellness offers

wellness-related products through online retail channels, including its own website located at www.lovewellness.com. Love Wellness advertises its products and services through, *inter alia*, digital media and social media, and uses online search-engine optimization and keyword advertising to drive traffic to www.lovewellness.com. Defendant Love Health offers wellness-related products through its www.love.com online retail channel website. Love Health also advertises its products and services through digital and social media, including its Instagram account located at @lovehealthofficial.

9. The Love Wellness Registrations serve as nationwide constructive notice of Love Wellness' prior rights in its marks. *See* 15 U.S.C. § 1072. In addition, Defendant has had actual knowledge of Love Wellness' Marks since at least as early as February 2022. Lastly, Defendant has had actual knowledge of Love Wellness' Marks since Love Wellness issued a demand letter to Defendant on May 23, 2023.

10. Plaintiff is likely to succeed on its claims for federal and common law trademark infringement, false designation of origin and unfair competition, and false advertising under 15 U.S.C. §§ 1114(1), 1116, and 1125(a), and deceptive acts and practices, false advertising, and injury to business reputation under N.Y. Gen. Bus. Law §§ 349, 133, and 360-l. Among other things, Defendant's actions have and/or are likely to cause consumer confusion, mistake, and/or deception as to the source, origin, sponsorship, or approval of Defendant's Goods and/or the Infringing Marks, weaken Plaintiff's Marks and Plaintiff's rights in its Marks, and deceive consumers into believing that Defendant's Goods are the same as or utilize, for example, the same supplements, products, and/or ingredients as Plaintiff's Goods

11. Plaintiff has been irreparably harmed by virtue of the above.

12. Issuance of the requested preliminary injunction is in the public interest to protect

the public against confusion, deception, and mistake, and to prevent safety issues in connection with consumption and use of the health and wellness-related products, *e.g.* ingestible supplements, in which the Infringing Marks are used.

13. The harm to Plaintiff in denying this motion for preliminary injunction outweighs the harm to Defendant in granting it.

14. A preliminary injunction is necessary to achieve the purpose of the Lanham Act and the other statutory and common law rights under which Plaintiff's claims arise, to protect the public from confusion, deception, and mistake, and to protect Plaintiff from immediate irreparable injury. No other order is adequate to achieve this purpose.

15. The injunctive relief ordered is narrowly tailored to cessation of the use of the Infringing Marks in connection with services related to the sale of health and wellness products. The injunctive relief will not preclude Love Health from marking its products (all manufactured by third parties) under other non- "Love"-formative marks, under "Love"-formative marks with markedly different commercial impressions from the Love Wellness Marks, or by any other means appropriate that do not violate Love Wellness' rights. Love Wellness claims it does not seek to put Defendant out of business or even prevent Defendant from adopting a "LOVE"-formative mark that conveys a markedly different commercial impression. The injunctive relief granted seeks only to avoid the imminent irreparable harm that will be caused by Defendant's use of Infringing Marks of similar meaning and commercial impression, in connection with identical services.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Motion is hereby **GRANTED** and it is **ORDERED** as follows:

1. As sufficient cause has been shown, Defendant is temporarily enjoined and

restrained from:

      (a) using the Infringing Marks LOVE, LOVE HEALTH or LOVE.COM, and the tagline LOVE YOURSELF, as trademarks or source-identifiers in connection with the marketing, sale and distribution of, and online retail stores featuring, vitamin supplements, dietary supplements, nutritional supplements, personal health and wellness preparations, and intimate personal care products;

      (b) using the Love Wellness Marks or any reproductions, counterfeit copies, or colorable imitations thereof of similar commercial impression in connection with the marketing, sale and distribution of, and online retail stores featuring, vitamin supplements, dietary supplements, nutritional supplements, personal health and wellness preparations, and intimate personal care products;

      (c) committing any acts calculated to cause consumers to believe that Defendant's products or services are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff.

## ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

**IT IS HEREBY ORDERED THAT** Defendant, or its counsel, appear before this Court, at the United States Courthouse located at 500 Pearl Street, Courtroom 12B, in New York, New York on _____, 2023 at _____ a.m./p.m., to show cause why, pursuant to Fed. R. Civ. P. 65, Plaintiff should not be granted a preliminary injunction extending the terms of the preliminary injunction granted herein and set forth above during the pendency of this action.

Defendant is hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the immediate issuance of a preliminary injunction, which shall be deemed

to take effect immediately upon the expiration or dissolution of the temporary restraining order herein, and shall extend during the pendency of this suit the injunctive relief provided in this Order. Defendant is hereby further notified that Defendant shall be deemed to have actual notice of the terms and issuance of such preliminary injunction, and that any act by Defendant in violation of any of its terms may be considered and prosecuted as contempt of the Court.

Dated: _____

ENTERED:

By: _____

Hon. Jennifer H. Rearden
United States District Judge