> **Memo Endorsement**

# Ethan Jacobs Law Corporation

July 27, 2023

**Via ECF**

Hon. Jennifer H. Rearden, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007
(212) 805-0230

> Defendant is granted leave to file a seven-page submission in regards to ECF No. 45, due one week from entry of the instant memo endorsement.
>
> The Clerk of Court is directed to terminate ECF No. 48.
>
> SO ORDERED.
>
> */s/ Jennifer H. Rearden*
> Jennifer H. Rearden, U.S.D.J.
> Date: July 27, 2023

Re: *Ogilvie Brands, Inc. v. Love Health, Inc.*, No. 1:23-cv-4932-JHR

Dear Judge Rearden:

I am counsel to Defendant Love Health, Inc. ("LHI") in the above-referenced action. I write regarding Plaintiff's pending Motion for Preliminary Injunction (the "Motion"). LHI respectfully requests that the proposed preliminary injunction order that Plaintiff Ogilvie Brands, Inc. filed with its reply brief (ECF No. 45)— seeking new relief for the first time on reply—be stricken. In the alternative, LHI respectfully requests leave under Your Honor's Individual Rule 5.B.to file a short, seven-page sur-reply, so that it can address the relief Plaintiff added to the Motion in its reply.

Plaintiff filed the Motion on July 6, 2023 along with what it referred to as its "Proposed Order to Show Cause" (ECF No. 15) (the "First Proposed Order"). On July 20, 2023, LHI filed its opposition brief and explained that the First Proposed Order fails to provide LHI or the Court with any notice of the terms of the injunction Plaintiff sought and that it would be a nullity if granted. (ECF No. 37, at 6). LHI also explained that because the Motion did not include the terms of any injunction it was seeking, LHI and the Court could not evaluate the balance of hardships or the amount of a bond. (*Id.*, at 24-25).

Plaintiff's reply effectively withdraws its request for the Court to grant the First Proposed Order and substitutes a brand new request for relief: a "revised Proposed Order," that sets out the

July 27, 2023

Page 2

terms of an injunction that it omitted from its moving papers and which it never previously provided to LHI (ECF No. 45) (the "Second Proposed Order").

A moving party cannot wait until its reply to identify the relief it seeks. *See, e.g., Sherman v. Fivesky, LLC*, 2020 WL 5105164, at *7 n.6 (S.D.N.Y. Aug. 31, 2020) ("In the first instance, it is improper to seek new relief on reply. The Court rejects the proposed amendment for that reason alone."); *In re Estate of Levy*, 2008 WL 5273927, at *9 (E.D.N.Y. Dec. 17, 2008) ("It is inappropriate to raise new arguments and/or ask for new forms of relief in a reply memorandum where the opposing party will not have an opportunity to respond."); *Travelers Cas. & Sur. Co. v. J.D. Elliot & Co.*, 2004 WL 2339549 at *3 (S.D.N.Y. Oct. 5, 2004) ("To the extent Travelers seeks new relief in reply, its application is procedurally defective."); *Irish Lesbian and Gay Organization v. Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996) ("Reply papers are not the proper place for new . . . requests for relief.") *Accord*, *Horne v. Potter*, 2009 WL 10667086, at *1 n.2 (S.D. Fla. Mar. 11, 2009) ("The Court has previously instructed Plaintiff that she *cannot* request new relief in a reply that has not been set forth in her original Motion, as Defendant has not had an opportunity to respond to her requested relief. Consequently, the Court does not address this new request for relief in this Order.").[1]

Because Plaintiff's reply submission is procedurally improper and would prejudice LHI, LHI respectfully requests that the Court disregard Plaintiff's Second Proposed Order.

---

[1] Plaintiff's assertion that it already set out its requested relief in the Complaint and Motion is false. (ECF No. 42, at 10). The Second Proposed Order contains terms **never previously identified to LHI**. Those terms are in direct contrast to Plaintiff's representations in its original moving papers that the relief it seeks is "narrowly tailored." (ECF No. 17, at 25). For example, Plaintiff represented to the Court that it does "not seek to put Defendant out of business or monopolize the term 'love.'" (*Id.* at 24). But now, for the first time on reply, Plaintiff asks the Court to effectively strip LHI of its valuable love.com domain name that it expended substantial resources to obtain, and its ability to use the word "love" in any of its branding. (Second Proposed Order, at 5-6). LHI respectfully submits that the Court should not condone this sandbagging.

July 27, 2023

Page 3

Alternatively, LHI requests that the Court grant it leave to file a seven-page sur-reply brief in response to Plaintiff's new submission, due one week from an order granting leave, so that it can respond to the new relief sought in the Second Proposed Order. *See BBAM Aircraft Mgmt. LP v. Babcok & Brown, LLC*, 2022 WL 484578, at *4 (D. Conn. Feb. 17, 2022) (granting leave to file sur-reply). Plaintiff's counsel has communicated that it opposes LHI's request to file a sur-reply and insisted on a meet and confer to negotiate "point by point" what topics LHI could address; LHI does not believe that negotiation is called for given the discussion of the First Proposed Order in its opposition brief and the need to avoid undue delay.

      We appreciate the Court's time and consideration of this matter.

                                Respectfully,

                                Ethan Jacobs