# Ethan Jacobs Law Corporation

**MEMO ENDORSED**

_____
HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
DATED: August 7, 2023

The settlement conference scheduled for Thursday, August, 10, 2023 at 11:15 a.m. will proceed as scheduled. See Order Scheduling Conference at ECF No. 41. The Clerk of Court is directed to terminate the motion at ECF No. 61.

August 6, 2023

**<u>Via ECF</u>**
Hon. Valerie Figueredo, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1660
New York, NY 10007

<u>Re: *Ogilvie Brands, Inc. v. Love Health, Inc.*, No. 1:23-cv-4932-JHR</u>

Dear Judge Figueredo:

I am counsel to Defendant Love Health, Inc. ("LHI") in the above-referenced action. I write regarding the need to reschedule the settlement conference now set for this coming Thursday, August 10, 2023 due to unforeseeable circumstances. The circumstances are that LHI's intended client representative for the conference—Karissa Paddie, its Chief Strategy Officer—announced her resignation mid last week, scheduled to take effect no later than August 11, 2023. On Friday, August 4, LHI decided that it would not serve its best interests for Ms. Paddie to represent it at the upcoming settlement conference. Further, the person whom the company would like to replace Ms. Paddie—its CEO, Ryan Breslow—is unavailable this coming week due to previously scheduled international travel.

On Saturday, August 5, I informed counsel for the plaintiff, Ogilvie Brands, Inc. about the facts above, and we met and conferred by telephone on the morning of Sunday, August 6. Ogilvie Brands' lawyer told me that it opposes rescheduling the settlement hearing on the ground that Ms. Paddie still will be employed by LHI on August 11. It is possible she will be, but LHI respectfully notes, first, that she also may not still be employed at LHI on that date; and, second, that it would be unreasonable to require a party to give settlement authority to an employee with a few hours left in her tenure.


There has been one prior request for an adjournment or extension: on July 14, the Court, following an *ex parte* call from Ogilvie Brands' counsel, scheduled the settlement conference for August 8 after Ogilvie Brands' counsel erroneously indicated LHI was available on that date, and on July 18 the parties' counsel jointly contacted Your Honor's chambers to reschedule for August 10.

I have offered two alternative dates to Ogilvie Brands' counsel and, without waiving its opposition to rescheduling the settlement conference, counsel for Ogilvie Brands is consulting her client about alternative dates but has not yet provided dates. We will continue to communicate with opposing counsel to try to provide the Court with mutually agreeable alternatives for rescheduling the settlement conference.

We apologize for the need to reschedule the settlement conference and appreciate the Court's consideration of this matter.

Respectfully submitted,

Ethan Jacobs